*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MICHAEL THOMAS BROOKS,

        Defendant-Appellant.

UNPUBLISHED
May 12, 2026
9:04 AM

No. 375356
Washtenaw Circuit Court
LC No. 23-000420-FH

Before: KOROBKIN, P.J., and RIORDAN and MARIANI, JJ.

PER CURIAM.

Defendant, Michael Thomas Brooks, was convicted by a jury on five counts arising from a domestic violence incident in which he assaulted the pregnant mother of his children. The trial court imposed three sentences of 40 to 60 months and one sentence of 29 to 48 months, to be served concurrently with each other and consecutively to a sentence of 24 months. In this appeal by right, defendant contends that (1) the trial court abused its discretion by departing from the sentencing guidelines without adequately articulating a justification for doing so, and (2) his attorney's failure to object to the upward departure deprived him of the right to the effective assistance of counsel. For the reasons stated in this opinion, we disagree with defendant's arguments and therefore affirm.

## I. BACKGROUND AND FACTS

The victim, AB, was pregnant with defendant's third child. According to evidence at trial, defendant was intoxicated when an argument with AB's neighbor led defendant to discharge his firearm several times. AB took defendant to the liquor store to purchase more alcohol and on returning, noticed defendant had placed his firearm in her purse. As she removed it, the firearm discharged again. Defendant got angry, took the gun, and put it in his pocket. Defendant subsequently kicked AB in the vaginal area while wearing the steel-toed boots he used for his construction work. He dragged her by her hair six to eight feet to the living room, threw her on the couch, and began hitting her. AB recalled: "[H]e had got me on my living room floor, and he was putting both his hands around my neck choking me to the point where I almost passed out." When AB tried to stand, defendant kicked her in the back, and she fell to the floor again. Later,

-1-

AB was on the couch when defendant placed the firearm against her chest and said, "I should kill you." AB was too afraid to leave, so she waited for defendant to fall asleep at which point she went to her mother's house and contacted the police before going to the hospital. Photographs of her injuries were admitted into evidence at trial.

Police officers went to AB's apartment, where they found a bullet hole in the front door. After several knocks went unanswered, the officers entered the apartment and found defendant on the bed with the firearm "within arm's reach." Defendant was arrested and photographs of injuries to his knuckles were taken. Upon arrest, defendant denied doing anything to AB, but at trial defendant claimed he and AB got into a "tussle" because she assaulted him first and he was attempting to wrestle the gun from her.

The jury found defendant guilty of felon in possession of a firearm, MCL 750.224f; aggravated domestic violence, second offense, MCL 750.81a(3); assault with a dangerous weapon, MCL 750.82; domestic violence or knowing assault on a pregnant individual, third offense, MCL 750.81(4); and possessing a firearm when committing a felony, MCL 750.227b.[1] Defendant's Presentence Investigation Report (PSIR) indicates he has been arrested for domestic violence previously, and AB was the victim in at least one of those offenses. At sentencing, while AB's victim-impact statement was being read aloud, defendant began laughing and commented, "it's all funny to me." AB asked the court to impose the maximum sentence. Defendant maintained he did nothing wrong, stating: "You want me to take accountability for s**t that I didn't do."

Before announcing its sentencing decision, the trial court commented: "What you showed during your testimony was a complete disregard, not just for [AB], but just for women in general and for people in general." Defendant interrupted to accuse the trial court of bias. The trial court continued:

> And the things that you were saying were disrespectful and rude just for common courtesy of people in—in general. You couldn't even hold it together up here. And so it was upsetting to see, Mr. Brooks. And I don't even know if the sentence that I could hand down to you is going to change that.

The trial court noted that the applicable sentencing guidelines range was 19 to 38 months and imposed sentences of 40 to 60 months. Defendant now appeals.

---

[1] Defendant was acquitted on two counts of assault or bodily harm less than murder or by strangulation, MCL 750.84, and one count of discharging a firearm in or at a building, MCL 750.234b. The trial court dismissed a charge of willful and malicious destruction of personal property amounting to $200 or more but less than $1000, MCL 750.377a(1)(c)(*i*).

## II. ANALYSIS

## A. DEPARTURE SENTENCES

Defendant first contends that the trial court abused its discretion when it imposed above-guidelines sentences without adequately justifying the departure from the guidelines. We disagree.

"Sentencing decisions are reviewed for an abuse of discretion." *People v Boykin*, 510 Mich 171, 182; 987 NW2d 58 (2022). "An abuse-of-discretion standard recognizes that there may be more than one principled outcome and the trial court may not deviate from that principled range of outcomes." *Id.* "A trial court abuses its discretion by violating the 'principle of proportionality,' which requires that a sentence be proportionate to the seriousness of the offense and the circumstances of the offender." *People v Brcic*, ___ Mich App ___, ___; ___ NW3d ___ (2026) (Docket Nos. 362727 and 366230); slip op at 10 (citation omitted).

"This review, a 'reasonableness' review, applies to both sentences within and outside the [sentencing] guidelines." *Id.* Michigan's sentencing guidelines are advisory only, *People v Lockridge*, 498 Mich 358, 399; 870 NW2d 502 (2015), but "remain a highly relevant consideration" and must be taken into account at sentencing. *People v Steanhouse*, 500 Mich 453, 474-475; 902 NW2d 327 (2017), quoting *Lockridge*, 498 Mich at 391. "Because the guidelines embody the principle of proportionality and trial courts must consult them when sentencing, it follows that they continue to serve as a 'useful tool' or 'guideposts' for effectively combating disparity in sentencing." *People v Dixon-Bey*, 321 Mich App 490, 524-525; 909 NW2d 458 (2017). "In determining proportionality, a court is allowed to consider whether certain factors were not adequately encompassed by the guidelines or were not encompassed by the guidelines at all." *People v Carlson*, 332 Mich App 663, 673; 958 NW2d 278 (2020). Trial courts may consider the following factors under the proportionality standard:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*People v Walden*, 319 Mich App 344, 352-353; 901 NW2d 142 (2017) (quotation marks and citation omitted).]

A trial court may depart from the guidelines as long as the sentence imposed is reasonable. *Id.* at 351, citing *Lockridge*, 498 Mich at 391-392. It must, however, "justify the departure on the record by explaining 'why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been.' " *People v Odom*, 327 Mich App 297, 315; 933 NW2d 719 (2019), quoting *Dixon-Bey*, 321 Mich App at 525. "[I]f it is unclear why the trial court made a particular departure, an appellate court cannot substitute its own judgment about why the departure was justified." *Dixon-Bey*, 321 Mich App at 529 (quotation marks and citation omitted).

In this appeal, defendant argues that resentencing is required because the trial court exceeded the guidelines without providing an explanation for why the sentence it was imposing was more proportionate to the offense and the offender than a within-guidelines sentence would

have been. It is true that the trial court did not explicitly speak in terms of proportionality or expressly state that it was providing an explanation for its departure from the guidelines, and in many cases such an omission would require a remand for a more robust explanation "in order to facilitate appellate review." *Lockridge*, 498 Mich at 392. However, under the circumstances of this case we are confident that the trial court's comments at sentencing were its explanation, articulated relevant proportionality considerations, and adequately justified its two-month upward departure from the applicable guidelines range.

In reaching this conclusion, we take our cue from *Walden*, 319 Mich App at 353-355, in which this Court held that the trial court's statements at sentencing satisfactorily justified a "modest" 13-month departure above guidelines even though the court "did not explicitly refer to the principle of proportionality . . . ." *Id*. at 353, 355. In that case,

> [t]he trial court noted the seriousness of the offense as well as several factors not accounted for in the guidelines, relating in part to defendant's low potential for rehabilitation and lack of remorse. . . . The trial court additionally noted that defendant immediately fled the scene . . . . The trial court expressed its belief that defendant had not given truthful testimony regarding the events that had occurred. [*Id*. at 353-354.]

We concluded: "[T]he trial court's articulation of departure reasons was sufficient and was appropriately directed to proportionality principles, and . . . the reasonableness of the departure sentence imposed was more than supported by the record." *Id*. at 355.

Here, the trial court acknowledged the sentencing guidelines range of 19 to 38 months and imposed sentences that exceeded it by two months. Before imposing the sentences, the trial court noted its finding that defendant's testimony was "malarkey." Defendant had interrupted the recital of AB's victim-impact statement with the comment, "[I]t's all funny to me." Defendant, when given the opportunity to speak, insulted AB with profane language and refused to take accountability. In response, the trial court commented: "What you showed during your testimony was a complete disregard, not just for [AB], but just for women in general and people in general." Defendant interrupted to accuse the trial court of bias. The trial court continued: "[T]he things that you were saying were disrespectful and rude . . . . You couldn't even hold it together up here. . . . I don't even know if the sentence that I could hand down to you is going to change that."

We agree with the prosecution that these comments by the trial court at the sentencing hearing, although rather sparse, "can be reasonably inferred as th[e] court's rationale for departing from the sentencing guidelines." As in *Walden*, the trial court's comments relate to "factors not considered by the guidelines, such as . . . the defendant's expressions of remorse, and the defendant's potential for rehabilitation." *Walden*, 319 Mich App at 352-353 (quotation marks and citation omitted). Defendant's lack of remorse and refusal to take accountability were reflected in the court's statements that defendant showed a complete disregard for AB and people in general and that defendant's testimony had been "malarkey." The court also questioned defendant's rehabilitation potential, stating: "I don't even know if the sentence that I could hand down . . . is going to change" defendant's disrespect and lack of self-control.

-4-

Because the trial court's comments, in context, relate specifically to factors used to fashion a proportionate sentence, they provide justification for the departure sentences here. And considering that the departure was only two months (considerably lower than the "modest" departure in *Walden*, 319 Mich App at 353), the explanation—though somewhat meager—is adequate for purposes of appellate review. Thus, as in *Walden*, 319 Mich App at 355, "although the trial court did not explicitly refer to the principle of proportionality," under these circumstances "its decision conformed to the law . . . ." We therefore conclude that the trial court did not abuse its discretion and did not impose an unreasonable sentence.

## B. INEFFECTIVE ASSISTANCE OF COUNSEL

In the alternative, defendant contends that his attorney's failure to object to the upward departure violated his right to the effective assistance of counsel. Again, we disagree.

Criminal defendants have a constitutional right to be represented by an attorney at all critical stages of the proceedings, including sentencing. *People v Buie*, 298 Mich App 50, 65; 825 NW2d 361 (2012). "The constitutional right to counsel is not merely the right to have a lawyer stand or sit nearby; rather, a criminal defendant has the right to the effective assistance of counsel." *People v Otto*, 348 Mich App 221, 231; 18 NW3d 336 (2023). "The question whether defense counsel performed ineffectively is a mixed question of law and fact; this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). "When the trial court has not conducted a hearing to determine whether a defendant's counsel was ineffective, our review is limited to mistakes apparent from the record." *People v Lane*, 308 Mich App 38, 68; 862 NW2d 446 (2014).

"To establish a claim of ineffective assistance of counsel a defendant must show [1] that counsel's performance was deficient and [2] that counsel's deficient performance prejudiced the defense." *People v Fyda*, 288 Mich App 446, 450; 793 NW2d 712 (2010). Ordinarily, this means that "a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *Trakhtenberg*, 493 Mich at 51. "When reviewing defense counsel's performance, the reviewing court must . . . objectively 'determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.' " *People v Jackson (On Reconsideration)*, 313 Mich App 409, 431; 884 NW2d 297 (2015), quoting *Strickland v Washington*, 466 US 668, 690; 104 S Ct 2052; 80 L Ed 2d 674 (1984). Additionally, "a defendant must overcome the strong presumption that counsel's performance was born from a sound trial strategy." *Trakhtenberg*, 493 Mich at 52.

Here, defendant argues that trial counsel was ineffective for failing to object to the departure sentences because there could be no strategic purpose for the omission. But even assuming no strategic purpose, we must determine whether not objecting fell below an objective standard of reasonableness. It did not. At the sentencing hearing, trial counsel argued for a guidelines sentence, and the trial court indicated that it was aware of the guidelines range. By ensuring that the trial court was aware of the guidelines range and advocating that the trial court sentence defendant within guidelines, trial counsel's performance was well within the range of professionally competent assistance. In fact, it is well established that objecting to a departure from the guidelines is not required to preserve the issue for appeal. *Walden*, 319 Mich App at 350-

As defendant has not demonstrated that trial counsel's performance was deficient, he cannot prevail on his claim of ineffective assistance of counsel.[2]

Affirmed.

/s/ Daniel S. Korobkin
/s/ Michael J. Riordan
/s/ Philip P. Mariani

---

[2] Defendant's brief does not contain any argument applying the prejudice prong of the ineffective-assistance inquiry. Nor can we discern any indication in the record of a reasonable probability that the outcome would have been different had trial counsel interposed an objection at the sentencing hearing.